UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA C. SANTOS, | ) | CASE NO. 1:18CV1377 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| HOME DEPOT USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #30) of Plaintiff Vanessa C. Santos to Remand and for Costs. For the following reasons, the Motion to Remand is granted but the request for costs is denied. The above-captioned case is remanded to the Cuyahoga County Court of Common Pleas for further proceedings.

**I. BACKGROUND**

On May 14, 2018, Plaintiff filed a Complaint for personal injury in Cuyahoga County Common Pleas Court. She alleged that Defendant Home Depot and John Doe Defendants created or allowed a hazard, *i.e.*, improperly stacked a display pallet which fell on Plaintiff and caused her serious injury. On June 18, 2018, Defendant Home Depot removed the case

on the basis of diversity jurisdiction.

On July 13, 2018, Plaintiff filed a Motion to Remand. (ECF DKT #7). Plaintiff contended that John Doe Defendants are employees who are unknown at this time, but who may be Ohio residents. Therefore, there would not be complete diversity and removal would be inappropriate.

On August 2, 2018, the Court found that Plaintiff's Motion to Remand was based on speculation as to the legal residence of the unidentified John Does. Therefore, the Motion to Remand was denied subject to re-filing following fact discovery.

At a Status Conference held on February 8, 2019, Plaintiff's oral request to amend and add parties was granted.

Plaintiff's First Amended Complaint (ECF DKT #21) substituting Chantez Williams and John C. Caples for John Doe Defendants was filed on February 11, 2019.

In her Motion to Remand, Plaintiff states that she joined the new Defendants as soon as discovery revealed their identities. These individuals were Home Depot employees working at the store location in Cleveland, Ohio where Plaintiff was injured and they are Ohio residents. Plaintiff argues that these Defendants are necessary parties and that their joinder destroys diversity jurisdiction.

In response, Defendant Home Depot contends that Plaintiff's sole motivation for amending her Complaint was to defeat federal jurisdiction; that under the doctrine of *respondeat superior*, Home Depot would likely be held liable for the employees' tortious conduct; and that Home Depot would be prejudiced because remand would deny Home Depot its right to defend this lawsuit in a federal forum.

## II. LAW AND ANALYSIS

"[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988). 28 U.S.C. § 1447 (c) recites in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." (Emphasis added). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

"A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case." *Broyles v. Correctional Medical Services*, No. 1:07-cv-690, 2010 WL 989711 at *1 (W.D.Mich. Feb.25, 2010) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 556-57 (2nd ed.1990)). "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000). *See also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir.2000).

Defendant insists that Plaintiff's only intention in amending her Complaint was to defeat federal jurisdiction. The Court notes, however, that Plaintiff's original Complaint included John Doe individuals whose identities were unknown. Plaintiff clearly meant to pursue tort claims against Home Depot and store employees since the inception of the

litigation in state court.

Plaintiff alleges in the First Amended Complaint that Defendants Caples and Williams acted in the course and scope of their employment at Home Depot and that they acted negligently in creating and/or maintaining a dangerous condition on the property. Thus, Defendant argues that the doctrine of *respondeat superior* would operate to render Home Depot liable for any of the employees' tortious acts. In Defendant's view, any personal recovery against the individual Defendants would be unlikely. (ECF DKT #32 at 4). The Sixth Circuit in *Curry, supra*, reviewed relevant cases throughout the nation's appellate circuits and found the reasoning in a First Circuit opinion to be persuasive: "Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action." *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 674 (1st Cir. 1994).

Whether or not Plaintiff can prevail against Defendants Caples and Williams individually is a question on the merits. As the Court in *Coyne* held:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to the state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. 183 F.3d at 493.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #30) of Plaintiff Vanessa C. Santos to Remand is granted. The Court finds that an award of costs against Defendants is not warranted. Since there is no longer complete diversity between Plaintiff and all Defendants, the Court lacks subject matter jurisdiction. The above-captioned case, therefore, is remanded

to the Cuyahoga County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**


                                                **s/ Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: April 8, 2019**